488 P.3d 1122
In Re The PEOPLE of the State of Colorado, Plaintiff
v.Albert Levern LOWE, Defendant.
Supreme Court Case No. 20SA373 Supreme Court of Colorado.
June 14, 2021
Attorneys for Plaintiff: John Kellner, District Attorney, Eighteenth Judicial District, Ann B. Tomsic, Chief Deputy District Attorney, Centennial, Colorado
Attorney for Defendant: Chaney Legal Services, LLC, Allen Chaney, Denver, Colorado
En Banc
JUSTICE SAMOUR delivered the Opinion of the Court.
¶1 Just last term, we decided in Allman v. People that a district court lacks authority under our general sentencing statutes to sentence a defendant to prison for one offense and to probation for another in a multi-count case. 2019 CO 78, ¶ 28, 451 P.3d 826, 833. But Allman received consecutive prison-probation sentences for non-sex offenses (forgery, theft, and related offenses), while the defendant in this case, Albert Levern Lowe, received consecutive prison-probation sentences that included a sentence to Sex Offender Intensive Supervision Probation ("SOISP") for a "sex offense" under the Sex Offender Lifetime Supervision Act ("SOLSA"). So, does Allman's sentencing restriction apply in a case where, as here, the defendant receives a prison sentence for an offense that doesn't qualify as a sex offense and a consecutive SOISP sentence for a sex offense? ¶2 In People v. Manaois, one of the two lead companion cases we announce today, we hold that Allman's prison-probation sentencing prohibition, while alive and well, does not apply in cases where a defendant receives a prison sentence for a non-sex offense and a consecutive SOISP sentence for a sex offense. People v. Manaois, 2021 CO 49, ¶ 5, ––– P.3d. ––––. Manaois is dispositive of this original proceeding. For the reasons we set forth in great detail there and summarize here, we hold that the consecutive sentences to prison and probation imposed on Lowe were not barred by the rule of Allman .
¶3 Because the district court read Allman as rendering Lowe's sentences illegal and requiring vacatur of his guilty pleas, sentences, and judgment of conviction, it erred. However, inasmuch as we don't reach Lowe's contention that the district court incorrectly reinstated his charges in violation of his rights against double jeopardy, which means that the district court's refusal to dismiss the case stands, we discharge in part and make absolute in part the rule to show cause we issued in response to his C.A.R. 21 petition invoking our original jurisdiction. We remand with instructions to: (1) reinstate Lowe's guilty pleas, sentences, and judgment of conviction; and (2) resolve any outstanding postconviction motions.
I. Procedural History ¶4 Lowe was charged with five felony offenses: (1) attempted human trafficking of a minor for sexual servitude, (2) soliciting for child prostitution, (3) attempted pimping of a child, (4) attempted pandering of a child, and (5) attempted procurement of a child. The first two offenses are class 3 felonies, while the last three are class 4 felonies.1 ¶5 Pursuant to a plea agreement he entered into with the People, Lowe pled guilty to soliciting for child prostitution (one of the original class 3 felony sex-related offenses) and patronizing a prostituted child (an added class 3 felony sex offense). In exchange for these guilty pleas, the People dismissed the four remaining original charges and agreed to recommend (1) a determinate prison sentence of eight years for the solicitation charge (the sex-related offense) and (2) a consecutive indeterminate SOISP sentence with a minimum term of at least twenty years for the patronizing charge (the sex offense). The district court accepted Lowe's guilty pleas and sentenced him in accordance with the parties' agreement.
¶6 Shortly thereafter, Lowe filed a series of pro se postconviction motions, including one seeking reconsideration of his sentences pursuant to Crim. P. 35(b). In light of our holding in Allman, which we had recently announced, the court appointed counsel to represent Lowe and set the Rule 35(b) motion for a hearing. In so doing, the court noted that it understood Allman as rendering illegal any consecutive prison-probation sentences imposed in a multi-count case. At the hearing, the People asserted that Lowe's sentences could not "survive review under Allman "; they thus asked the court to vacate the guilty pleas and sentences and to "rewind" the case "all the way back" to the court appearance at which Lowe entered his guilty pleas. Agreeing with the People, the court ruled that Lowe's sentences were illegal under Allman, thereby rendering his Rule 35(b) motion moot. After vacating the guilty pleas, sentences, and judgment of conviction, the court reinstated the charges that were pending immediately before Lowe pled guilty and set the matter for arraignment.
¶7 Lowe subsequently sought to dismiss this case on double jeopardy grounds, but the court denied his motion in a thorough and well-written order. He then requested relief from our court pursuant to C.A.R. 21. Because we chose to exercise our original jurisdiction, we issued a rule to show cause. We discuss next why exercise of our original jurisdiction is appropriate in this case.
II. Original Jurisdiction ¶8 Whether to exercise our original jurisdiction under C.A.R. 21 is a matter wholly within our discretion. C.A.R. 21(a)(1). In exercising that discretion, however, we recognize that C.A.R. 21 is narrow in scope —it provides "an extraordinary remedy that is limited in both purpose and availability." People v. Lucy, 2020 CO 68, ¶ 11, 467 P.3d 332, 335 (quoting People v. Rosas, 2020 CO 22, ¶ 19, 459 P.3d 540, 545 ). Thus, in the past, we have exercised our original jurisdiction in limited circumstances, such as "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, or when a petition raises issues of significant public importance that we have not yet considered." Id. (quoting Rosas, ¶ 19, 459 P.3d at 545 ). ¶9 Lowe contends that this case warrants exercise of our original jurisdiction both because he has no other adequate remedy and because his petition raises issues of significant public importance that we have never considered and that are likely to recur. We agree on both fronts.
¶10 First, should this case proceed to trial and give rise to a direct appeal, it will be too late to determine whether the challenged sentences were legal. By then, Lowe would have been prosecuted, and perhaps convicted and sentenced, for the reinstated charges. It follows that a direct appeal is not a proper avenue for relief. Nor are we aware of an alternate remedial route available to Lowe.
¶11 Second, Lowe's petition presents a novel question of significant public importance: Does the sentencing restriction in Allman apply in a case where the defendant receives a prison sentence for a sex-related offense and a consecutive SOISP sentence for a sex offense? And the question will undoubtedly come up again — in point of fact, today we resolve essentially the same question in Manaois .2 See Manaois, ¶ 2 (addressing whether Allman forbids a prison sentence for a non-sex offense followed by an SOISP sentence for a sex offense). Under these circumstances, waiting to act would foster uncertainty and do a disservice to our district courts and the court of appeals, not to mention Coloradans in general.
¶12 Because we agree with Lowe that exercise of our original jurisdiction is appropriate, we proceed to decide whether the sentences he received were illegal. We stray from that path briefly now, though, to set forth the controlling standard of review.
III. Standard of Review ¶13 Whether a district court has the authority to impose a particular sentence is a question of statutory interpretation. Allman, ¶ 29, 451 P.3d at 833. We review questions of statutory interpretation de novo. Id.
IV. Analysis ¶14 The question we confront is whether Allman's sentencing prohibition extends to cases involving a prison sentence for a sex-related offense followed by an SOISP sentence for a sex offense. Based on our holding in Manaois, we answer in the negative. ¶15 There are significant differences between SOLSA's sentencing scheme and the general sentencing statutes to which Allman is largely tethered. Manaois, ¶¶ 49-57. Although SOLSA expressly and impliedly incorporates certain elements of the general sentencing statutes, it is nonetheless an intricate and stand-alone sentencing scheme —one that was enacted to address sex-offense-specific challenges that were not implicated in Allman . Id. at ¶ 3.
¶16 Indeed, there is an appreciable difference between the legislature's intent in SOLSA and the legislature's intent in the general sentencing statutes. Id. at ¶¶ 4, 22. Of particular relevance here, while the general sentencing statutes reflect the legislature's disapproval of consecutive prison-probation sentences, SOLSA, by contrast, reflects the legislature's approval of such sentencing in cases like this one. See id. ¶17 Therefore, following in Manaois's footsteps, we hold that Allman's prison-probation sentencing prohibition, while remaining good law, does not apply in cases where a defendant receives a prison sentence for a sex-related offense and a consecutive SOISP sentence for a sex offense.3 Id. at ¶ 69. And while we recognize the practical consequences of dual parole-probation supervision —which partially motivated the holding in Allman — they don't alter the analysis here because they cannot take precedence over the legislature's intent in SOLSA. Id. at ¶ 22.
¶18 In this case, Lowe received a prison sentence for a sex-related offense and a consecutive SOISP sentence for a sex offense. Because Allman's prison-probation sentencing prohibition does not apply, see id., the district court erred in declaring Lowe's sentences illegal and then vacating his guilty pleas, sentences, and judgment of conviction.
V. Conclusion
¶19 Applying our holding in Manaois, we conclude that Allman's prison-probation sentencing prohibition does not apply in this case. It follows that Lowe's sentences were not rendered illegal by Allman. Therefore, the district court erred in vacating Lowe's guilty pleas, sentences, and judgment of conviction.
¶20 Given this resolution, we do not address the parties' contentions regarding the proper remedy to correct illegal sentences under the circumstances present here. For the same reason, we refrain from passing judgment on Lowe's claim that the district court's remedy of reinstating the charges against him violated his double jeopardy rights.4 ¶21 Because the court erred in vacating Lowe's guilty pleas, sentences, and judgment of conviction, but correctly refused to dismiss the case, we discharge the rule in part and make the rule absolute in part. On remand, the district court is directed to: (1) reinstate Lowe's guilty pleas, sentences, and judgment of conviction; and (2) address the merits of any outstanding postconviction motions, including the Crim. P. 35(b) motion for sentence reconsideration.
CHIEF JUSTICE BOATRIGHT dissents, and JUSTICE HART joins in the dissent.
CHIEF JUSTICE BOATRIGHT, dissenting.
¶22 As I explain in greater depth in my dissent to People v. Manaois, 2021 CO 49, ––– P.3d –––– (Boatright, C.J., dissenting), I would follow Allman v. People , 2019 CO 78, 451 P.3d 826, in this case and hold that, when a court sentences a defendant for multiple offenses in the same case, it may not impose imprisonment for some offenses and Sex Offender Intensive Supervised Probation ("SOISP") for others. Accordingly, I respectfully dissent. ¶23 Here, the defendant, Lowe, pled guilty to soliciting for child prostitution and patronizing a child prostitute. The terms of the plea agreement, which the trial court imposed, recommended eight years in prison on the soliciting charge, followed by an indeterminate period of SOISP on the patronizing charge. The trial court correctly determined, therefore, that Lowe pled guilty under the terms of a plea agreement that recommended an illegal "prison-plus-SOISP" sentence and that, as a consequence, Lowe's guilty plea was invalid. In my view, the trial court correctly vacated the plea. Hence, I would discharge the rule to show cause.
I am authorized to state that JUSTICE HART joins in this dissent.
1 In one of the final drafts of SOLSA, the legislature removed some offenses, including the five with which Lowe was charged, from the definition of "sex offense." Manaois, ¶ 46 ; see § 18-1.3-1003(5), C.R.S. (2020). But the legislature kept all such offenses "within SOLSA's ambit and made them subject to certain provisions, including those addressing the treatment and level of supervision required on probation and parole." Manaois, ¶ 46 (citing § 18-1.3-1007(1)(a), C.R.S. (2020) ). Though these offenses are technically non-sex offenses (as they're not included in the definition of "sex offense"), we call them "sex-related offenses" in this opinion because they come under SOLSA's umbrella; when we use the term "non-sex offenses," we mean offenses that are completely outside SOLSA's purview. By deleting sex-related offenses from the definition of "sex offense" and then adding express references to them in other sections of SOLSA, the legislature shielded them from the mandatory indeterminate sentencing statute —which applies only to sex offenses — without banishing them from SOLSA's domain. Id. at ¶ 46.
2 We also contemporaneously announce People v. Keen, 2021 CO 50, ––– P.3d ––––, the other lead companion case, and two additional companion cases, People v. Coleman, 2021 CO 52, ––– P.3d ––––, and People v. Rainey, 2021 CO 53, ––– P.3d ––––. Keen, Coleman, and Rainey address a question similar to the one presented here and in Manaois .
3 We are aware that, in contrast to Manaois, where the prison sentence imposed was for a non-sex offense (menacing), the prison sentence imposed on Lowe was for a sex-related offense (soliciting for child prostitution). This distinction, however, does not affect our conclusion here because the holding in Manaois is that Allman 's prison-probation sentencing prohibition is inapplicable in cases where a defendant receives (1) a prison sentence for an offense that doesn't qualify as a sex offense and (2) a consecutive SOISP sentence for a sex offense. Manaois , ¶ 69. Lowe's sentences fit the bill. If anything, SOLSA has a stronger presence here than in Manaois because SOLSA governs both of the sentences imposed on Lowe — the prison sentence for the sex-related offense of soliciting for child prostitution and the SOISP sentence for the sex offense of patronizing a prostituted child.
4 In passing, Lowe maintains that, even if we determine that the sentences he received were legal, we may not order his guilty pleas, sentences, and judgment of conviction reinstated at this point without infringing on his rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions. Because this is an undeveloped assertion of error lacking support in legal authority, we decline to address it. See Sinclair Transp. Co. v. Sandberg, 2014 COA 76M, ¶ 74, 350 P.3d 924, 936 ; United States v. Brocksmith, 991 F.2d 1363, 1366 (7th Cir. 1993) ("Undeveloped and unsupported claims are waived.").